Railey vs. Board of Assessors.

---

No. 10,958.

WILLIAM M. RAILEY VS. BOARD OF ASSESSORS.

The Legislature has the power to separate the *situs* of corporeal movables from the domicil of the owner for the purpose of taxation.

If a right be incorporeal and intangible, such as a debt, which is not the property of the debtor in any sense, being his obligation and having value only in the hands of the creditor, its *situs* is necessarily where it is owned and not where it is due.

A foreign insurance company domiciled out of the State and collecting premiums here is not liable for a tax levied on the said premiums, being "credits" having its *situs* at the domicil of the company.

The agencies of foreign companies, established in compliance with Act of 1877, requiring them to have business residences in the State, are not an election of domicil changing the *situs* of the said incorporeal rights.

| 44 | 765 |
| 46 | 4 |
| 44 | 765 |
| 47 | 1508 |
| 44 | 765 |
| 49 | 46 |
| 44 | 765 |
| 51 | 1032 |
| 44 | 765 |
| 115 | 705 |
| 44. | 765 |
| 121 | 113 |
| 121 | 134 |

Railey vs. Board of Assessors.

A PPEAL from the Civil District Court for the Parish of Orleans.
  *King, J.*

*Harry H. Hall* for Plaintiff and Appellee:

1. Foreign insurance companies domiciled out of this State and collecting premiums before their maturity are not liable for a tax on said premiums as "credits."

2. Where an assessment is levied against said foreign companies, or against their agent personally, in the alternative, said assessment is illegal for uncertainty.  Desty on Tax., 554; 53 Cal. 666.

3. Where, as in the present case, the assessors levied a tax upon premiums or amount of business done, said tax becomes an income tax.  Cooley on Tax., 221; Burroughs, p. 159.

4. The Legislature, since the Constitution of 1879, has not authorized the imposition of an income tax.  35 An. 825; 42 An. 428; 42 Fed. Rep. 90.

5. If the Revenue Act of 1890 could be construed as levying an income tax, such action would not be warranted under the Constitution of 1879.  The power to levy an income tax having been especially granted in antecedent Constitutions and omitted from the Constitution of 1879, would indicate that the Legislature has not the right to levy such tax.  Constitution of 1845, Art. 27; Const. 1852, Art. 123; Const. 1864, Art. 124; Const. 1868, Art. 118.

6. By Art. 206 of the Constitution of 1879 a license tax is apparently substituted for an income tax.

7. The word property in Art. 203 of the Constitution of 1879 does not mean income. See Consts. 1845, 1852, 1864, 1868; 35 An. 655; 43 Mo. 479, 491; Burroughs, 387; 29 Iowa, Dubuque vs. N. W. Ins Co.; 42 An. 428.

8. If the assessments complained of could be construed to represent uncollected premiums due these foreign companies, that would be an assessment of debts due to them, and as such they are only taxable at the domicil of the foreign corporations   Cooley on Taxation, 21; 15 Wall. 300; 11 An. 268; 4 Woods 206; 5 Met. 73; 43 Maine, 497; 11 N. Y. 563; 7 Minn. 198; 21 Ver. 152; 47 Conn. 477; 27 Grat. 344; 67 Ga. 489; 106 Ill. 25; 100 U. S 496; Desty on Tax , Vol. 1, p. 326; 25 Ohio State, 1; 100 U. S. 491; 68 Ind. 247; 3 Cal. 351; 12 Iowa, 539; 50 Ga. 393; 25 Cal. 601; 38 Cal. 461; 54 Iowa, 57; 96 U. S. 432; Burroughs on Tax. 186.

9. The power of taxation of a State is limited to persons, property and business within her jurisdiction.  All taxes must relate to one of these subjects.  The tax laws of a State can not have any extra-territorial operation.  15 Wall. 300; 41 An. 646; 41 An. 1015.

10. Said companies did not have in this State money or credits liable to taxation, as a matter of fact, they having been sent out of the State.

Same counsel for Defendants and Appellants as in preceding case and same authorities cited by them.

The opinion of the court was delivered by

BREAUX, J.  The plaintiff is an insurance agent, and as such represents six foreign insurance companies.

Railey vs. Board of Assessors.

He brought suit for the purpose of having the assessments made against these companies, and against himself personally, annulled.

The following are the assessments made, to-wit:

| | Money loaned on interest, all credits and all bills receivable for money loaned or advanced or for goods sold. | Money in possession, on deposit or in hand. |
|---|---|---|
| William M. Railey, or Western Assurance Co | $5,000 | $500 |
| Maine Ins. Co. of London | | 12,500 |
| State Investment Ins. Co | 2,500 | ......... |
| Boston Marine Ins. Co | 1,000 | 1,500 |
| Niagara Fire Ins. Co. | 1,500 | 500 |
| St. Paul's Fire and Marine Ins. Co | 3,000 | 1,000 |
| Wm. M. Railey | 1,000 | ......... |

The point raised by the plaintiff, in so far as he is concerned personally, is that there was against him, individually, another and entirely distinct assessment on his movable property, and that he has paid the tax levied upon that assessment, in which was included his personal property, cash and open accounts.

It is manifest from the assessment that, as relates to the said plaintiff, he is sought to be held for taxes as agent, or individually only, in so far as it might be disclosed that he is personally interested in the business of these companies.

It is not shown that he has a taxable interest in the property of the companies he represents.

The points raised by the plaintiff companies are that, as they are non-residents, the said assessments, if they represent uncollected premiums due, would be assessment of debts due to them as such, only taxable at their domicil.

The other grounds of defence are: that the assessments are alternative and conditional, and not positive and absolute.

That the said assessments are attempts to levy a tax upon income.

That the said companies did not have in this State the moneys or effects thus asssessed to them, nor any part thereof.

The first and the last grounds will be considered and decided.

The record discloses that plaintiff is the agent of the companies assessed, and that as such he is authorized to represent them in judicial proceedings in this State, as required by Act of 1877.

He is empowered by them to solicit and place insurance for their account; and to collect and remit premiums to the home offices.

He sent to his principals every month, a statement of the policies issued the month previous, and he remitted the amount due upon said policies in advance of collection; he is obliged to remit the pre-

miums to the companies whether collected or not. Time is granted for his account.

The companies at no time had money loaned on interest, none in possession, on deposit or on hand and ncne due for goods sold.

It is evident from the general movement of their business that they have "credits;" whether they had at the time the assessment was made, it is immaterial to determine.

The question for our consideration is as to the possibility of taxing credits.

The judgment of the District Court maintains plaintiff's demand and orders the said assessment to be canceled.

The rule, *mobilia personam sequuntur*: This court has held that "debts and other incorporeal rights, when treated as property for the purpos of taxation, can be assessed only at the domicil or place of residence of the creditor, without regard to the domicil of the debtor. The principle applies to corporations as well as to natural persons. Hence debts due to a foreign corporation by residents of this State can not be taxed in this State." Barber vs. City, 41 An. 1015; Meyer vs. Pleasant, Id. 258.

These decisions settle this point.

But counsel for the city claims that these decisions merely apply the general rules to the title of movable property following the owner in the absence of the statute of the State fixing the *situs* otherwise; and that they do not apply (in this case because the statute No. 106 of 1890, under which the taxes claimed are levied, specially authorizes the taxation of "credits" held by non-residents and that rules of comity must yield to express law.

This is sound and conclusive in so far as relates to corporeal movables belonging to non-residents.

Such movables are subject to taxation.

An exception necessarily arises in so far as relates to certain incorporeal rights.

As to these the tax laws have no extra-territorial effect.

"The power of taxation, however vast in its character and searching in its extent, is necessarily limited to subjects within the jurisdiction of the State. These subjects are persons, property and business. Whatever form taxation may assume, whether as duties, imports, excises or licenses, it must relate to one of these subjects. It is not possible to conceive any other, though as applied to them

the taxation may be exercised in a great variety of ways." 15 Wall. 300; 11 Allen, 268; 4 Woods, 206; 43 Maine, 497; 11 New York, 563.

"Debts are not property. A non-resident creditor of a city can not be said to be, in virtue of the debt which it owes him, a holder of property within its limits." Desty on Taxation, Vol. 1, p. 328-9; Murray vs. Charleston, 96 U. S. 432.

The statute relating to license for doing business in the State by foreign companies has been interpreted as legal.

The power is entirely within legislative control. The privilege was one subject to a license tax. State ex rel. Ins. Asso. vs. City, 43 An. 131.

But a tax imposed on "credits" of a non-resident is void, not being within legislative jurisdiction and power. London and Liverpool and Globe vs. Board of Assessors, 44 An.

Judgment affirmed at appellants' costs.

### ON APPLICATION FOR REHEARING.

FENNER, J. The taxes concerned in these cases are not taxes on business; they are taxes on property. We are not, therefore, concerned with the nature of the business of these plaintiffs, or where it was conducted.

The assessment conclusively determines the *person* and the *thing* taxed.

The following is the assessment:

|  | Money loaned on interest, all credits and all bills receivable for money loaned or advanced, or for goods sold. | Money in possession, on deposit or in hand. |
|---|---|---|
| William M. Railey, or Western Assurance Co | $5,000 | $500 |
| Maine Ins. Co. of London | | 12,500 |
| State Investment Ins. Co | 2,500 | |
| Boston Marine Ins. Co | 1,000 | 1,500 |
| Niagara Fire Ins. Co | 1,500 | 500 |
| St. Paul's Fire and Marine Ins. Co | 3,000 | 1,000 |
| Wm. M. Railey | 1,000 | |

There is no dispute that the *persons* taxed are the foreign insurance companies which are domiciled out of the State.

It is conclusively proved that no one of them has any "money loaned on interest," or "money in possession, on deposit or on hand," or any "bills receivable for money loaned or advanced or for goods sold."

Of the enumeration on the assessment roll, everything is thus eliminated except the single item of "credits;" and the evidence

49*

shows that these "credits" consist of nothing but debts due the companies for uncollected premiums.

The simple question presented to us was whether the State possessed jurisdictional power to tax such mere debts due to foreign creditors.

There is no doubt of the legislative power to modify the rule of comity, *mobilia personam sequuntur*, in many respects. Movables having an actual *situs* in the State may be taxed there, though the owner be domiciled elsewhere. Even debts may assume such concrete form in the evidences thereof that they may be similarly subjected when such evidences are situated in the State, as in the case of bank notes, public securities, and, possibly, of negotiable promissory notes, bills of exchange or bonds.

But as to mere ordinary debts, reduced to no such concrete forms, they are not capable of acquiring any *situs* distinct from the domicil of the creditor, and no legislative power exists to change that *situs* so far as non-resident creditors are concerned. As said by the Supreme Court of the United States: "To call debts property of the debtors is simply to misuse terms. All the property there can be in the nature of things, in debts, belongs to the creditors to whom they are payable, and follows their domicil wherever that may be. Their debts can have no locality separate from the parties to whom they are due." State Tax on Foreign-held Bonds, 15 Wall. 300.

A State has no more power to subject such debts due to foreign creditors to taxation than it would have to tax their corporeal movables situated at their foreign domicil.

The authorities quoted in the original opinions are ample to support the conclusions reached, which are, besides, thoroughly founded in reason and justice.

Rehearing refused.